**FELEPA ALVAREZ V. STATE.**
No. 26,036. November 12, 1952.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $200.00 for the unlawful sale of intoxicating liquor in a dry area.

The state's evidence amply supports the jury verdict. Officers of the Texas Liquor Control Board testified to purchasing liquor from her on the date alleged, that it was taken to Austin, turned over to a chemist for analysis, and the same was introduced in evidence before the jury. The chemist who made the analysis testified in the trial that the bottle contained intoxicating liquor.

Appellant's defense was that of an alibi. The issue thus raised was decided against her by the jury verdict.

The record contains three bills of exception. The first bill complains that the court overruled her third application for a continuance for the testimony of a witness alleged to have been subpoenaed and to be a resident of the county where the case was tried. We find no evidence showing any diligence to secure this witness, other than that the subpoena had been served, nor is it contended that she could not be reached and brought into court to give her testimony in the trial of the case from which the appeal comes. We think proper diligence has not been shown.

Bill of Exception No. 2 complains of a remark made by the judge trying the case. When the defendant called for a witness the judge instructed the sheriff to "bring the witness out of jail." This was done and his testimony was given before the jury. The bill complains of the court's remark showing that the witness was in jail. There is no showing in the bill that this remark was made in the presence and hearing of the jury. In the absence of this showing we find no basis for sustaining the bill.

Appellant filed a bill complaining of the action of the court in overruling her motion for a new trial without defendant being present and having a hearing. The judge's qualification recites that he asked appellant's counsel when he wanted a hearing, to which counsel replied that he could pass on it any time he wanted to. It was the court's understanding that counsel did not desire to be present. With this qualification no error is shown.

The judgment of the trial court is affirmed.