GEORGE BROMBAUGH V. STATE

No. 28,839. February 27, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) April 24, 1957.

*Theo Pat Henley* and *Richard Pena*, San Antonio, for appellant.

*Hubert W. Green, Jr.*, Criminal District Attorney, *Roy R. Barrera, Charles W. Barrow*, and *Edward R. Finck, Jr.*, Assistants Criminal District Attorney, all of San Antonio, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, 20 years.

Nine witnesses who were present at the tavern at the time of the homicide testified for the state. Their testimony is lengthy and will be summarized.

The appellant, his female companion, his mother and her husband and his grandparents arrived at a tavern late Sunday afternoon. After the parties drank a beer, some cross words passed between appellant's mother, her husband, and Mr. and Mrs. Walsh, who operated the tavern, concerning certain registration papers on a dog. According to the Walshes, appellant's mother contended that they owed her some money. Appellant's party all left the tavern and were preparing to get in their automobile when the appellant re-entered the tavern and demanded to know of Mrs. Walsh if she, in fact, owed his mother some money. Mrs. Walsh stated that she did not, and at this juncture Mr. Starr, an elderly former owner of the tavern, came near; and the appellant, young and robust, hit him and continued to assault him until the deceased, who was also young and robust and who was a friend of the Walshes and Starr, pulled the appellant away from Starr and ejected him from the tavern. Following this, Starr went to his automobile in front of the tavern and was seated therein when he was attacked by the appellant and his stepfather. During the course of their struggle, the appellant got possession of Starr's pistol which had been in the glove compartment of his automobile. The appellant abandoned his attack on Starr and started toward the tavern. One Boeck attempted to detain the appellant and was hit over the head with the pistol. Appellant then took the pistol out of the scabbard, pushed the witness Edna Brietzke out of the doorway, and entered the tavern, pistol in hand. At this juncture, the deceased, who had remained in the tavern, hit the appellant over the head with a bar stool, and a struggle between them ensued. Two shots were fired, the deceased sustained a mortal wound in the abdomen, and the appellant a minor wound in the leg. The witness called by the state testified that the deceased never got possession of the pistol. Appellant's mother and stepfather testified that he did. After the shooting, the appellant's stepfather got the pistol and gave it to the witness Elizabeth Bocco and told her to put it away. Appellant's mother went over to where the deceased was lying on the floor, kicked him, and said, "Get up, you big s.o.b. You are not hurt."

At this juncture, Potts, an off-duty policeman who was pass-

ing and who heard the shots, entered and asked the appellant for the pistol. According to Potts, the appellant said, "There has been no gun," and the pistol was not found until sometime later.

The appellant did not testify in his own behalf but offered his mother and stepfather, who, as stated, testified that the deceased had the pistol in his hand during part of the struggle.

The jury resolved this conflict in the evidence against the appellant, and we find the evidence sufficient to support the conviction.

The contentions advanced in the appellant's brief will be discussed.

Complaint is made over the admission of that portion of Mrs. Walsh's testimony in which she reported that, while the attack upon Mr. Starr in his automobile was in progress, Edna Brietzke, who was near the open door of the tavern, exclaimed, "They are killing Grampa outside." The trial court's interrogation of the witness showed that such statement was res gestae and also that it was made within the hearing of the appellant. We have been cited no authority and know of none that would hold such statement inadmissible under the circumstances here described.

The next complaint relates to a remark of the court to appellant's counsel. From the qualification of the bill, we learn that the remark was not made within the hearing of the jury, and no injury is shown. Alvarez v. State, 158 Texas Cr. Rep. 1, 252 S.W. 2d 467.

The last bill relates to argument wherein the prosecutor said:

"* * * but here you have this man sitting here today asking for mercy, consideration and justice at your hands, and to show you that he is entitled to such, he has brought before you a set of facts, because you, see he, is the creator of the facts * * * ."

We are unable to agree that this argument was tantamount to a reference to the appellant's failure to testify or was error for any other reason. The authorities cited by the appellant do not sustain his position.

Finding no reversible error, the judgment of the trial court is affirmed.