**Michael Jack ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42723.**

Court of Criminal Appeals of Texas.

April 29, 1970.

Dalton C. Gandy, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, George McManus, Ron Quillin and Marvin D. Snodgrass, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for the theft of property over the value of $50.00; the punishment, enhanced by one prior conviction under Article 62, Vernon's Ann.P.C., ten years.

Lester Ray Champion, the complainant, parked his car and went into a bar where

he stayed for an hour. When he started to leave, his automobile was gone.

In the meantime, Pete Reyes had seen an automobile (later identified as complainant's) being stripped by three men near his home and notified the police. Officer Roemmich of the Fort Worth Police Department went to the scene, followed an automobile that he saw leaving and stopped the appellant and recovered, among other things, two wheels from the stripped automobile.

Appellant presents three grounds of error that comply with Article 40.09, Sec. 9, Vernon's Ann.C.C.P.

In the first ground of error, complaint is made that the court erred in admitting into evidence the property taken from the automobile that appellant was driving over the objection that it was obtained as a result of an illegal arrest.

Pete Reyes testified that at approximately eight o'clock in the evening, a neighbor told him that apparently a car was being stripped in the street. He looked and saw three men and could hear the jacks clicking as they were lifting a 1965 Ford LTD. He saw a black 1952 or 1953 model Ford bearing the license number "DX___ 163", parked within three feet of the LTD. He called the police, and as an officer approached, one of the men sped away without lights in the 1952 Ford and the other two ran down the alley. Reyes found two tires missing, and two were still on the car but were loose.

Officer Roemmich testified that after receiving a call, he arrived and saw two wheels missing from the 1965 Ford and could see the tail or brake lights of a vehicle that left the scene in a cloud of dust. Reyes described the car and gave him the almost complete license number. He followed and stopped the car being driven by appellant within one-half to three-fourths of a mile from the car with the missing wheels. He then looked into the back seat and saw two tires, with damp earth on them, mounted on wheels. He also saw an assortment of clothes and stereo tape cartridges on the front seat. He then handcuffed appellant.

Article 18.22, V.A.C.C.P., provides:

"All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonble ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay."

■ Officer Roemmich had sufficient information and reasonable grounds to believe that the automobile or at least the wheels had been stolen after the "stripping" had been reported, and when he saw the two wheels missing from the vehicle parked in the center of the street. The seizure of the property and the arrest were authorized under Article 18.22, supra. See also Article 14.04, V.A.C.C.P.

The court did not err in admitting the evidence. The first ground of error is overruled.

It is contended in the second ground of error that the trial court erred in admitting hearsay testimony when he permitted the witness Reyes to testify that a neighbor said to him, "Seems like there is a car being stripped down the street there."

■ Even if the situation had not been startling or shocking in nature, this statement was properly admitted as res gestae. The rule and the reason therefor is found in 1 McCormick & Ray, Evidence, 2 ed. 689, Sec. 916, which, in part, reads:

"* * * If a person observes some situation or happening which is not at all startling or shocking in its nature, nor actually producing excitement in the

observer, the observer may yet have occasion to comment on what he sees (or learns from other senses) *at the very time that he is receiving the impression.* Such a comment, as to a situation then before the declarant, does not have the safeguard of impulse, emotion, or excitement, but there are other safeguards. In the first place, the report at the moment of the thing then seen, heard, etc., is safe from any error from defect of *memory* of the declarant. Secondly, there is little or no *time* for calculated misstatement, and thirdly, the statement will usually be made to another (the witness who reports it) who would have equal opportunities to observe and hence to check a misstatement. Consequently, it is believed that such comments, strictly limited to reports of *present* sense-impressions, have such exceptional reliability as to warrant their inclusion within the hearsay exception for Spontaneous Declarations."

See Brombaugh v. State, 164 Tex.Cr.R. 551, 301 S.W.2d 468; Click v. State, 144 Tex.Cr.R. 468, 164 S.W.2d 664; Volume 3, Wigmore on Evidence, 3rd Edition, Sec. 1775, p. 195; and the cases there cited.

It is contended in the third ground of error that the evidence is insufficient to show that appellant was in possession of the stolen automobile.

■ The possession by appellant of part of the recently stolen property, under the facts of this case, is sufficient evidence from which the jury could conclude that he had stolen, or was a principal in the theft of, the automobile. Yonko v. State, Tex.Cr.App., 444 S.W.2d 933; Vandall v. State, Tex.Cr.App., 438 S.W.2d 578; 5 Branch's Ann.P.C.2d, Sec. 2650, p. 98.

A prior conviction for burglary with intent to commit theft was introduced at the penalty stage of the trial.

The evidence is sufficient to support the conviction.

There being no reversible error, the judgment is affirmed.