**Dan Paul FOSTER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42942.**

Court of Criminal Appeals of Texas.

June 17, 1970.

John W. Overton, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, and Robert C. Scott, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery with a prior conviction of burglary to commit theft alleged for enhancement; the punishment was assessed by the jury at life.

The sufficiency of the evidence is not challenged.

Appellant's first ground of error is that Articles 62, 63, and 64, Vernon's Ann. P.C., have been repealed by implication. We have very recently held against such a contention in Cherry v. State, 447 S.W. 2d 154 at p. 157.

Appellant's second ground of error is that the court erred in his charge when he told the jury, "You are the exclusive judge of the facts proved. * * *"

No such objection was made to the charge and the question is not before us for review, Smith v. State, 437 S.W.2d 835. The ground is clearly without merit. See Willson, Texas Criminal Forms, Sec. 3452 (7th Ed.).

Appellant's third ground of error is so general that it does not meet the re-

quirements of Article 40.09, Sec. 9, V.A.C.C.P., so as to present anything for review.

Finding no reversible error, the judgment is affirmed.