**Alfred CLEAVER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46459.**

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

George M. Kelton, Odessa, for appellant.

John Green, Dist. Atty., Dennis Cadra, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

QUENTIN KEITH, Commissioner.

Appellant was convicted of burglary with intent to commit theft and the jury assessed

his punishment at confinement for twelve years.

At the trial, appellant was represented by privately retained counsel of his own choice; but soon after, he filed his pauper's oath and new counsel appeared in his behalf. We have reviewed a lengthy record, including several motions for new trial, briefs filed in support thereof in the trial court, and a lengthy supplemental brief filed herein. Because of the nature of the presentation, not all of the alleged grounds of error will be mentioned separately, but all have been considered.

The contention that appellant was not represented by competent counsel at the trial on the merits permeates the entire record and we meet the contention at the beginning. The trial record does not disclose the appointment of an attorney and reflects that appellant "appeared in person in open Court, his counsel also being present." The court reporter's transcript of the evidence reflects that such counsel was present at all stages of the trial. By a post-conviction ex parte affidavit, appellant attempts to assert that such counsel was not of his own choice.

■ We are not authorized to consider such affidavits. Appellant did not testify at either his trial or upon the motion for new trial and his ex parte affidavit was not introduced in evidence. Nothing authorized for inclusion in the record supports his contention now urged that his trial counsel was a mere volunteer. Cf. Hill v. State, 480 S.W.2d 670, 673 (Tex. Crim.App.1972).

Insofar as the competent record reveals, appellant was represented by counsel of his own choice. As was said in Petty v. State, 171 Tex.Cr. 617, 352 S.W.2d 285, 286 (1961):

"In those cases where the court selects and appoints the attorney to represent an accused, this Court reviews carefully the competency of the attorney. Where the accused selects his own counsel, such review is not so searching. Rodriguez v. State, Tex.Cr.App., 170 Tex.Cr. 295, 340 S.W.2d 61."

■ The following quotation from Lawson v. State, 467 S.W.2d 486, 487–488 (Tex.Crim.App.1971), is applicable to the case at bar:

"The record has been carefully examined and we cannot conclude that there was ineffective assistance of counsel. This record does not support or reflect any willful misconduct by an employed counsel without the appellant's knowledge which amounts to a breach of the legal duty of an attorney. . . . Further, counsel not being court appointed, any incompetency or lack of effective assistance on the part of such counsel cannot be imputed to the State." (citations omitted)

See also, White v. State, 487 S.W.2d 104, 106 (Tex.Crim.App.1972); Gondek v. State, 491 S.W.2d 676, 677 (Tex.Crim.App.1973).

■ Appellant complains that the court committed "fundamental error in misdirecting the jury as to the law" of the case. There were no objections made to the court's charge nor any requests for corrections or additions thereto. The first complaint of the charge is that found in the post-conviction proceedings. Having made no objection to the charge, nothing is presented for review. Smith v. State, 437 S.W.2d 835, 840 (Tex.Crim.App.1968); Foster v. State, 455 S.W.2d 243 (Tex.Crim. App.1970); White v. State, 495 S.W.2d 903, 904 (Tex.Crim.App.1973).

■ Although the charge is not a model of clarity and its continued use is not recommended, we do not find that fundamental error appears. Unless contrary to the law and the facts, error in the charge will not be treated as fundamentally erroneous. Debth v. State, 80 Tex.Cr. 4, 187 S.W. 341, 342–343 (1916), cited with approval in Garza v. State, 162 Tex.Crim. 655, 288 S.W.2d 785, 787 (1956). Indeed, the rule

governing such a ground of error is that set out in Bellah v. State, 415 S.W.2d 418, 421 (Tex.Crim.App.1967):

"In the absence of a proper objection it is only in those cases where the erroneous charge goes to the basis of the case and is contrary to and fails to state the law under which the accused is prosecuted that objections to the charge are considered on appeal as fundamental error."

So tested, no fundamental error is demonstrated and such ground is overruled.

Next, appellant complains of the admission of hearsay evidence which the State contends was admissible under the res gestae exception. Police Officer Frazier, on routine patrol in the southeast portion of the City of Odessa, received a radio dispatch to investigate a prowler at 1301 Jackson and upon arrival in the area saw the appellant. Asked where he saw appellant, the following transpired:

"A Well, upon our arrival at 1301, or as we arrived we saw there was a car sitting in the street on Midland Street near the intersection of Jackson and Midland Street, and we stopped at 1301. South of it in a vacant parking area there, there was a lady out there that had called in the prowler complaint and she pointed to the house at 1306 across the street and said the house belonged to her son and it had just been burglarized and the burglars that broke into it was sitting in the car that we had just seen on the street.

"[Appellant's Counsel]: Your Honor, I object to what this lady said, it does not provide me with the right to cross examine her.

THE COURT: I will overrule your objection.

"Q Did you go on to this car that you saw there, Officer?

"A Yes, sir. After she pointed to the car we pulled over behind the car and stopped."

As he went up to the car, the policeman shined his flashlight in the back seat "to see if there was anyone in the back seat or weapons that the ones in the front seat could get to," and he saw a "radio or stereo or a black box" in the rear area of the automobile in which appellant was sitting. This stereo was identified by the complaining witness as having been taken from his home at 1308 Jackson Street.

■ Having examined appellant's authorities cited in support of the alleged error, we are not persuaded that such testimony was inadmissible. Judge Douglas reviewed the authorities, including the leading texts upon the subject in Anderson v. State, 454 S.W.2d 740, 741–742 (Tex.Crim. App.1970). There, a neighbor had told a witness, " 'Seems like there is a car being stripped down the street there' "; the witness heard noises, saw men around a vehicle, and gave the officers almost a complete license number of the get-away vehicle in which the officers found the wheels. The Court concluded that such declarations of the unnamed neighbor were admissible " 'within the hearsay exception for Spontaneous Declarations.' " So it is here.

The State did not rely upon hearsay evidence that appellant had actually burglarized the house. The case was submitted upon circumstantial evidence; and, the appellant being in possession of the recently stolen property, there was sufficient untainted evidence to establish appellant's guilt. *Anderson,* supra.

We are not convinced that this isolated sentence in the record was so prejudicial, under the other circumstances, as to amount to error. Anderson v. State, 486 S.W.2d 569, 571 (Tex.Crim.App.1972). Ground two in the supplemental brief is overruled.

■ The third ground of error, as submitted, is too general to warrant considera-

tion; and, when we come to a consideration of the grounds thereof, it is multifarious, submitting six different claimed errors.[1] The case is ruled by Goad v. State, 464 S.W.2d 129, 134 (Tex.Crim.App.1971): "In a single ground of error appellant combines at least eight examples of improper argument. The same clearly does not comply with the provisions of Article 40.09, Sec. 9, V.A.C.C.P., and nothing is presented for review." See also, Terry v. State, 489 S.W.2d 879, 881 (Tex.Crim.App.1973). Appellant made no objection to the conduct of State's counsel. Under the record as presented, reversible error is not shown and ground three is overruled.

By the fourth ground of error, appellant asserts that he should have been granted a new trial because State's counsel acted in bad faith in "two (2) respects." Our comments relating to the third ground are equally applicable here, but our review of these contentions does not reflect error on the part of the court below.

The first ground is based upon the failure of the State to call the lady who reported the burglary to the police officers, as discussed in connection with the hearsay objection. Secondly, appellant contends that the owner of the premises was a reluctant witness, a fact withheld from appellant.

■ Appellant quotes copiously from the transcript of the testimony received at the hearing on his motion for new trial. Appellant, in effect, retried the case at such hearing since he called all of the witnesses other than the arresting policeman, rigorously cross-examined the State's witnesses offered on the main trial, etc. We do not commend such practice. The jury heard the witnesses produced by the State and returned its verdict of guilt and assessed the punishment. Our procedure does not contemplate that discrepancies not explored by counsel upon the original trial shall be the ground for a new trial when brought out on the hearing therefor.

Such a procedure is inconsistent with the revised code and we are not authorized to consider such extraneous material which was not offered upon the trial of the cause.

Finding no merit therein, the fourth ground is overruled.

In the sixth ground, appellant complains that he should have been granted a new trial because of jury misconduct, i. e., discussion of his failure to testify. On the hearing of the motion for new trial, appellant interrogated one juror. She testified:

"Q  Was the fact that this Defendant did not testify discussed in the jury room during the jury's deliberation?

"A  Not that I recall. It could have been."

Counsel then attempted to refresh the memory of the witness by recalling a prior conversation with him about the matter, but the juror persisted in her reply that she could not recall such a discussion.

■ Appellant labored under the burden of establishing jury misconduct as a fact. If an issue of misconduct was raised by this testimony, the trial judge was the trier of the facts and it is apparent that he gave no credence to the speculative answer of the witness. We find no abuse of discretion. Brown v. State, 475 S.W.2d 938, 958 (Tex.Crim.App.1971). Cf. Luna v. State, 461 S.W.2d 600, 601 (Tex.Crim.App.1970). See also, Clark v. State, 398 S.W.2d 763, 767–768 (Tex.Crim.App.1966).

Although appellant has other grounds of error set out in his supplemental brief, an examination thereof reveals that they are simply revised versions of those heretofore discussed and found to be without merit, the exception being the contention that the evidence is insufficient to support the judgment of conviction made the basis of his fifth ground of error.

■ In our consideration of this ground of error, we are required to review the evidence in the light most favorable to

1. "The trial court erred in not declaring a mistrial, or, in the alternative, in not granting appellant a new trial because of misconduct on the part of state's counsel."

the State, Boening v. State, 422 S.W.2d 469, 472 (Tex.Crim.App.1967). See also, Vera v. State, 428 S.W.2d 664, 666 (Tex.Crim. App.1968). Having so reviewed the voluminous record presented, we are of the opinion that the evidence presented warranted the verdict of guilty and this ground of error is overruled.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.