02-10-338-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00338-CR

 

 


 
 
 David Cook
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 211th
District Court OF Denton COUNTY

----------

 

OPINION

----------

          In
one point, appellant David Cook appeals his sentence of six years’ confinement
for manslaughter.[1]  We reverse the trial
court’s judgment on punishment only and remand for a new trial on punishment.  See
Tex. R. App. P. 43.2(d), 43.3(a).

Background
Facts

          A
Denton County grand jury indicted appellant for manslaughter, which is a
second-degree felony.[2]  The parties filed
various pretrial documents, including appellant’s election for the jury to
determine his punishment and his written request for the jury to place him on
community supervision upon his conviction.

          At
trial, appellant pled not guilty.  The jury convicted him and found that he had
used his car as a deadly weapon.  The jury heard several witnesses testify
during the punishment phase, including appellant, who stated that he had not
been convicted of any crime previously and asked the jury to recommend his
placement on community supervision.  The parties made closing arguments. 
During the State’s argument, the prosecutor attempted to persuade the jury to
give appellant a high sentence without recommending community supervision.

          After
the jury began deliberating, it sent a note to the court that asked, “Can we
recommend a specific amount of time in prison and another amount of time on
probation?”  The trial court responded to the note by instructing the jury to
refer to its charge and continue deliberating.[3]  Eventually, the trial
court received the jury’s verdict, which was signed by the presiding juror and
which originally read, 

          We, the jury, having found the Defendant, DAVID
COOK, guilty of the offense of Manslaughter, assess his punishment at
confinement . . . for 6 years. . . .  

          We further find the defendant has never been
convicted of a felony in this State or any other State, and we recommend
probation of the penitentiary time.[[4]]

The
trial judge asked if that was the unanimous verdict of the jury, and the
presiding juror said, “It is.”  The judge then told the jury,

You are now discharged from the instructions I gave you
earlier.  You are free to discuss the case if you want to, but you are under no
obligation to discuss the case with anyone.  Sometimes the attorneys want to
talk to you after the fact just . . . to find out what your thoughts are and
your impressions about the process are.  You’re free to do that if you want to,
but you do not have to.

          You’re now discharged.  Thank you very much.

          The
jury left the courtroom at 4:30 p.m.  The trial court then sentenced appellant
by stating,

          Mr. Cook, a jury having found . . . you guilty
and set your punishment at . . . a six-year confinement, probated, I am going
to now impose sentence as set by the jury.  I’m sentencing you to six years[’]
confinement . . . .  I will probate that for a period of six years. . .
.

          You will be required to complete the maximum amount
of community service . . . .

          . . . .

          . . .  I’m sentencing you to 180 days[’]
confinement in the Denton County Jail as a condition of your probation.  That
sentence is to begin immediately.

          After
a brief recess, seven minutes after the jury left the courtroom, for reasons
that the record does not expressly reflect, the trial judge brought the jury
back into the courtroom and said,

          It has been brought to my attention that the
jury had some question about perhaps the verdict or the verdict form.[[5]] 
I’m going to read -- well, I’m going to restate what I read here that you have
assessed.  You have assessed as punishment at six years[’] confinement in the penitentiary. 
However, you recommended that that time be probated.

          That is the sentence that I have imposed, so
I’m going to ask you individually if that, in fact, was the sentence that you
intended and that you voted for?

          . . . .

          All right.  As I read your name, I need you to
either say yes or no, no meaning that was not the sentence you intended.

The judge
then queried four jurors, who each responded, “No.”  The judge said, “What I’m
going to do at this point is to send you back to the juryroom to continue
deliberating.”  Appellant asked for a mistrial.  Without further discussion,
the trial court denied the motion.  More than thirty minutes later, the jury
returned to the courtroom and delivered a verdict assessing six years’
confinement without recommending community supervision.  The court polled the
jury, and each juror responded that the second verdict was their true verdict. 
The trial court sentenced appellant accordingly, and he brought this appeal,
claiming that the trial court erred by reconvening the jury after discharge at
punishment and by accepting its new punishment verdict.

The Propriety of the
Trial Court’s Decision to Reconvene the Jury 

 

          A
“verdict” is a written declaration by a jury of its decision of the issue
submitted to it in the case.  Tex. Code Crim. Proc. Ann. art. 37.01 (West 2006). 
Generally, when the jury agrees upon a verdict that is in proper form, it “shall
be entered upon the minutes of the court.”  Id. art. 37.04 (West 2006); see
Ex parte McIver, 586 S.W.2d 851, 854 (Tex. Crim. App. [Panel Op.] 1979) (“Courts
have no power to change a jury verdict unless it is with the jury’s consent and
before they have dispersed.”).  On each verdict “of acquittal or conviction,
the proper judgment shall be entered immediately.”  Tex. Code Crim. Proc. Ann. art.
37.12 (West 2006); see Garner v. State, 214 S.W.3d 705, 706 (Tex. App.—Waco
2007, no pet.).

          Almost
thirty years ago, however, the court of criminal appeals affirmed a judgment
that, as in this case, resulted from a jury’s redeliberation after the jury had
been discharged.  See Webber v. State, 652 S.W.2d 781, 782 (Tex. Crim.
App. 1983).  In Webber, after the jury had deliberated on punishment and
had delivered a verdict to the court, the trial judge stated, “The jury has
found the Defendant guilty of the offense of kidnapping and assesses punishment
at four years[’] confinement in the Texas Department of Corrections.”  Id.
at 782.  The judge discharged the jurors, but before they left the courtroom,
the judge said,

“Now, the portion that you have filled out and signed
here, it says, ‘We, the jury, find the Defendant guilty of kidnapping and
assess punishment at four years, and we further find he has never been
convicted in this or any other state of a felony and recommend punishment to be
probated.’  Was that not your verdict?”

          The Foreman said:  “That was not our verdict.”

Id.  Over
the defendant’s objection, the trial court polled the jury, and each juror
agreed with the foreman that recommending probation was not intended to be part
of their original verdict.  Id.  The trial court sent the jury back to
deliberate again, and after two minutes, the jury returned a verdict that did
not include the probation recommendation.  Id.  In analyzing the legal
significance of these facts and affirming Webber’s conviction and sentence, the
court of criminal appeals stated,

When the jury has not separated or have only momentarily
separated and are still in the presence of the court and it appears that no
one has talked to the jurors about the case, the court may recall the jurors
to correct their verdict. . . .  The record does not show that the jury had
separated, even though the court had told the jurors they were excused, and
they had not been out of the presence of the court when they were reconvened to
correct the verdict.[[6]]

Id. (emphasis
added) (citing West v. State, 170 Tex. Crim. 317, 319, 340 S.W.2d 813,
815 (1960)).

          In
West, the trial court received a verdict that the foreman had signed
twice, indicating that the jury had found the defendant guilty and had also
found him not guilty.  170 Tex. Crim. at 318, 340 S.W.2d at 814.  After the
trial court read the portion of the verdict in which the jury found the
defendant guilty and some jurors took two or three steps from their position,
the trial court discovered the error in the verdict and instructed the jurors
to return to the jury room to make any corrections that the jury deemed
proper.  Id.  The defendant’s counsel objected to the reassembling of
the jury, but after the trial court overruled that objection, the jury returned
and delivered a guilty verdict.  Id. at 318, 340 S.W.2d at 814–15.  The
court of criminal appeals held that the trial court had acted properly,
explaining, “A momentary separation of the jury in the presence of the court
will not preclude the court from recalling them to correct their verdict where
it appears that no one talked to the jurors about the case.”  Id. at 319,
340 S.W.2d at 815; see also Jones v. State, 511 S.W.2d 514, 516 (Tex.
Crim. App. 1974) (holding that a trial court properly required the jury to
redeliberate when the  court discovered a mistake in the verdict while the jury
remained in the courtroom).

          The
circumstances described in Webber and West represent narrow
exceptions to the principle that when a jury has been discharged, it loses its
identity as a jury, and it therefore may not redeliberate and assess a
different punishment.  See West, 170 Tex. Crim. at 319, 340
S.W.2d at 815 (stating the general rule that a “court is not authorized to
recall the jury after they have been discharged and have separated and have
them correct their verdict”); Allison v. State, 143 Tex. Crim. 4, 6, 156
S.W.2d 527, 528 (1941) (“The State’s Attorney goes on the theory that when the
jury was discharged it lost its identity as a jury . . . .  We agree with the
conclusion reached by State’s Attorney.”).

          But
the facts in this case do not match those in Webber and West.  In
each of those cases, when the trial court ordered the jury to reconvene, the
jurors were still within eyesight of the trial court so that the trial court
knew, and the record affirmatively disclosed, where the jurors had been and who
they had talked to.  Here, the jurors separated from the visual presence of the
trial court, were instructed that they were free to discuss the case with
outsiders, and may have been susceptible to outside influence.  The code of
criminal procedure provides, “No person shall be permitted to be with a jury
while it is deliberating.  No person shall be permitted to converse with a
juror about the case on trial except in the presence and by the permission of
the court.”  Tex. Code Crim. Proc. Ann. art. 36.22 (West 2006); see also
Tex. R. App. P. 21.3(f) (stating that a defendant must be granted a new trial
“when, after retiring to deliberate, the jury has received other evidence . . .
[or] when a juror has talked with anyone about the case”).  Unlike in Webber
and in West, the record here does not affirmatively establish that the
jurors remained in the trial court’s visual presence and that no one influenced
the jurors, so we hold that we cannot rely on those cases to support the trial
court’s decision to require the jury to redeliberate.  See Webber, 652
S.W.2d at 782 (“When the jury has not separated or have only momentarily
separated and are still in the presence of the court and it appears that no
one has talked to the jurors about the case, the court may recall the
jurors to correct their verdict.”) (emphasis added);[7]
see also State v. Dudley, 223 S.W.3d 717, 721–23 (Tex. App.—Tyler 2007,
no pet.) (holding that the trial court did not err by refusing to change its
sentence when days after the jury’s verdict, the State filed affidavits from
eleven jurors stating that the verdict they had rendered was not what they had
intended); Wood v. State, 87 S.W.3d 735, 738–39 (Tex. App.—Texarkana
2002, no pet.) (holding that it would have been improper for the trial
court to allow redeliberation on the issue of a defendant’s guilt after the
jury had been discharged and had separated overnight).

          We
acknowledge, as appellant has, that the “record does not affirmatively reflect
that the jurors were subject to outside influences.”  Although appellant
asserts that the jury members separated from each other, the record does not
establish this fact, and it does not indicate where the jury went after exiting
the courtroom or that they necessarily interacted with anyone other than each
other or the trial court.  We also agree with the State that the trial court
was in a better position than we are to surmise where the jurors had been and
who they might have come in contact with.  Furthermore, we recognize that in
other circumstances, it would be improper for us to infer that outside
influence occurred from a silent record.  See Tex. R. Evid. 606(b)
(stating that a juror may testify about outside influence); Ocon v. State,
284 S.W.3d 880, 886 (Tex. Crim. App. 2009) (explaining that “the party alleging
juror misconduct, not the State nor the court, should initiate juror
questioning”); Cleaver v. State, 498 S.W.2d 945, 949 (Tex. Crim. App.
1973) (“Appellant labored under the burden of establishing jury misconduct as a
fact.”).[8]  Finally, we note that the
trial court’s decision to allow the jury to redeliberate was an attempt to
produce the verdict that the jury had originally intended.[9] 
But despite these concessions, the facts and holdings in Webber and West
compel us to hold that the trial court’s decision to reconvene the jury under
the particular facts in this case was improper.  See Webber, 652
S.W.2d at 782; West, 170 Tex. Crim. at 318, 340 S.W.2d at 815; see
also Sierra v. State, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004) (op. on
reh’g) (explaining that we are bound by the precedent of the court of criminal
appeals and have no authority to disregard or overrule it), aff’d, 218
S.W.3d 85 (Tex. Crim. App. 2007).[10]

          Concluding
that the trial court erred, we must now assess the issue of harm. 
Nonconstitutional error that does not affect substantial rights must be
disregarded.  Tex. R. App. P. 44.2(b).  As a result of the trial court’s error allowing
the jury to redeliberate, the jury substantively changed its written verdict
from one that recommended community supervision to one that did not.  An error
affects the defendant’s substantial rights when it has a substantial and
injurious effect or influence in determining the jury=s
verdict.  King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)
(citing Kotteakos v. United States, 328 U.S. 750, 776, 66 S. Ct. 1239,
1253 (1946)).  Thus, applying rule 44.2(b) to the trial court’s error in this
case, we must conclude that appellant suffered harm.  See Tex. R.
App. P. 44.2(b).

          For
all of these reasons, we sustain appellant’s only point.

Proper
Remedy and Conclusion

          In
discerning the proper remedy for the error and harm discussed above, we must first
look to the error asserted at trial, here on punishment only.  On appeal,
appellant claims that the trial court erred in reconvening jurors seven minutes
after it had discharged the jurors.  Appellant never moved for judgment on the
jury’s first verdict.  He now asks this appellate court to reform the judgment
and enter the jury’s first verdict that granted probation.  At trial, appellant
objected to reconvening the jury by seeking a mistrial.  He sought no other
relief and, if the court had granted a mistrial, the remedy would have been to
grant a new trial on punishment.

          Texas
Rule of Appellate Procedure 21.1(b) authorizes the granting of a new trial on
punishment on a defendant’s motion.  Tex. R. App. P. 21.1(b).  And rule 21.3
states that a defendant must be granted a new trial on punishment when the trial
court has “misdirected the jury about the law or has committed some other
material error likely to injure the defendant’s rights” or when a jury received
information by talking with someone about the case. Tex. R. App. P. 21.3(b),
(f).  “A mistrial is an appropriate remedy in ‘extreme circumstances’ for
a narrow class of highly prejudicial and incurable errors.”  Ocon, 284
S.W.3d at 884.  The necessity of a mistrial is determined by the facts of the
case.  Id.  A court’s denial of a mistrial is reviewed for an abuse of
discretion.  Id.; see Marchbanks v. State, 341 S.W.3d 559, 561
(Tex. App.—Fort Worth 2011, no pet.).  We must view “the evidence in the light
most favorable to the trial court’s ruling, considering only those arguments
before the court at the time of the ruling.”  Ocon, 284 S.W.3d at
884 (emphasis added).[11]  Based on the
discrepancy between the relief sought by appellant at trial (mistrial) and the
relief sought on appeal (judgment on the jury’s first, unintended, verdict), we
cannot 
impose a modified or reformed judgment.  See Tex. R. App. P. 43.3(a).  We
therefore affirm appellant’s conviction, reverse the trial court’s judgment on
punishment only, and remand for a new trial on punishment only.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT, J.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by
Assignment).

 

DAUPHINOT, J., filed a dissenting opinion.

 

PUBLISH

 

DELIVERED:  February 9, 2012


 




 

 









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00338-CR

 

 


 
 
 David Cook
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 211th
District Court OF Denton COUNTY

----------

 

DISSENTING
OPINION

----------

 

The
jury returned a proper punishment verdict recommending community supervision
and stated that the verdict was unanimous, and the trial court accepted the
jury’s punishment verdict and discharged the jury.

Contrary
to the majority’s claim that we cannot tell from the record whether anyone
talked to the discharged jury, the trial court made clear that someone who was
not a former juror in this case had improperly communicated with at least one
former juror in this case.  The trial court stated, “It has been brought to my
attention that the jury had some question about perhaps the verdict or the
verdict form.”  Someone told the trial court that at least one former juror in
this case had a question.  If a former juror in this case told the trial court,
then the trial court communicated with one of the members of the discharged jury. 
If someone else brought the trial court the message that at least one of the
former jurors had a question, then that unknown person communicated with at
least one member of the discharged jury.  No note memorializing their
communication appears in the record, nor was any such note read in open court
in the presence of the lawyers and the defendant; the code of criminal
procedure requires that such communication be memorialized in the record.[12]

The
group of people who rendered the second punishment verdict after the improper
communication was no longer under oath and no longer bound by the instructions
governing jurors.  Their second punishment verdict was but the act of a
collection of individuals who had previously been members of the jury. 
Consequently, I agree with the majority that the second punishment verdict was
unlawful.  In fact, it was no verdict at all.

But
I disagree with the majority’s disposition of this case.  Appellant
does not ask this court to reverse this judgment; he asks only that it be modified.
 Specifically, he asks only for the punishment to which the trial court
sentenced him after accepting the only proper punishment verdict returned by
the lawfully impaneled and sworn jury.  He believes that it is the only lawful
punishment.  I agree.

Cases
interpreting article 44.29 of the Texas Code of Criminal Procedure have held
that retrial on punishment is appropriate only for errors “literally” occurring
in the punishment stage.[13]  This statute is analogous
to the holding in Beedy v. State and its progeny that the remedy for an
improper cumulation order is deletion of the order and not retrial on
punishment.[14]  Soon after it handed
down Beedy, the Texas Court of Criminal Appeals explained in a similar
case, 

In
Beedy[,] . . . [w]e held that an unlawful cumulation order did not
constitute reversible error under . . . art. 44.29 and that the proper remedy
for the unlawful cumulation order was to reform the judgment to delete the
cumulation order . . . .  

.
. . [A]s in Beedy, the trial judge simply did not have the authority to
enter the order he did.  Beedy controls this case.  The court of appeals
appropriately deleted the unlawful portion and left the lawful portion of the
order intact, notwithstanding the trial court’s pronouncement of an alternative
sentence.[15]

Further,
rule 43.3 of the rules of appellate procedure provides, “When reversing a trial
court’s judgment, the court must render the judgment that the trial court
should have rendered, except when . . . a remand is necessary for further
proceedings or the interests of justice require a remand for another trial.”[16]

Here,
no error was made during the punishment phase of the trial.  The error was made
after the punishment hearing and after the jury decided the
punishment issue.  The problem with remanding this case for a new trial on
punishment is that the jury had finished its job of assessing Appellant’s
punishment before the trial court erred.  The jurors determined guilt and
determined punishment in a proper form.  The trial court accepted the verdict
and imposed the jury’s punishment in open court.  Appellant’s sentence was
probated, and he did not ask for a new trial.  The trial had ended.  Then the
trial court erroneously changed the punishment from a probated sentence to a
prison term.  How many times must Appellant be placed in jeopardy in the same
case?  The majority would have him placed in jeopardy for a third time.

Rather
than placing Appellant in jeopardy for the third time by remanding for a new
punishment hearing when the original punishment hearing ended without
reversible error,[17] I would modify the
judgment to delete the unlawful sentence and to instead correct the judgment to
reflect the sentence lawfully pronounced in open court before the jury was
unlawfully recalled.[18]  Because the majority
has chosen to place Appellant in jeopardy for a third time by remanding for a
new trial on punishment, even though there was no reversible error in the
lawful punishment phase of the trial,[19] I respectfully dissent.

 

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PUBLISH

 

DELIVERED:  February 9, 2012

 









[1]See Tex. Penal Code
Ann. § 19.04(a) (West 2011) (“A person commits an offense if he recklessly
causes the death of an individual.”).  Appellant does not ask us to reverse his
conviction but requests that we modify the trial court’s sentence and judgment.





[2]See Tex. Penal Code
Ann. § 19.04(b).  Because appellant’s point concerns only events occurring at
the end of the trial court’s proceedings, we will not detail the facts of
appellant’s crime or procedural matters that are unrelated to the disposition
of this appeal.  See Tex. R. App. P. 47.1.  To summarize, one afternoon
in April 2009, appellant recklessly drove his car at a high speed and collided
with another car, killing the other car’s driver, Kirk Wyborg.





[3]The charge explained that
the jury could assess punishment at a range of two and twenty years’
confinement.  It then stated,

          Our statute provides that
where a person is charged with a felony offense, the jury finds him guilty[,]
and assesses his punishment . . . for any term of years not more than ten, and
they further find that the defendant has never been convicted of a felony in
this State or in any other State, they may in their discretion, recommend
probation for the defendant . . . .  

          Probation shall be granted by
the Court if the jury recommends it in their verdict . . . .

          . . . .

          If you do not desire to
grant probation to this defendant, you will say nothing in your verdict
concerning the same.





[4]Jury recommended community
supervision is available for a defendant who is convicted of manslaughter and
is sentenced to ten years’ confinement or less.  See Tex. Code Crim.
Proc. Ann. art. 42.12, § 4(d) (West Supp. 2011).





[5]It seems that the jury’s
communication with the trial court did not comply with the code of criminal
procedure.  See Tex. Code Crim. Proc. Ann. art. 36.27 (West 2006) (“Any communication
relative to the cause must be written, prepared by the foreman and shall be
submitted to the court through the bailiff.  The court shall answer any such
communication in writing . . . .”).





[6]Appellant cites cases
predating Webber that concern juries’ correction of illegal, incomplete,
or unenforceable verdicts.  But as appellant concedes, the original verdict in Webber
was not unenforceable; thus, we conclude that a trial court’s authority to
reconvene a discharged jury is not dependent only on the unenforceability of
the original verdict.





[7]We note, however, that in Webber,
jurors communicated with the defendant’s counsel, albeit in the trial court’s
presence, after they were discharged.   Id. at 784 (Teague, J.,
dissenting).





[8]We note, however, that
when a juror had separated from other jurors for fifteen to thirty minutes
during a suspension of a trial, the court of criminal appeals held that the “burden
[was] upon the state then to show that nothing improper took place.”  Somers
v. State, 73 Tex. Crim. 549, 550, 166 S.W. 1156, 1160 (1914).





[9]The four polled jurors’
answers to the trial court’s question indicate that in the seven minutes that
they were discharged, they did not change their minds from one intended result
to another.  Instead, those jurors each affirmed that the originally announced
verdict was not the verdict that they had intended or had voted for.  Then,
after redeliberating, all twelve jurors agreed that their second verdict was
their true verdict.  It apparently took the jury approximately thirty minutes
to decide to change the written verdict upon redeliberation.  Cf. Webber,
652 S.W.2d at 782 (“The jury deliberated for two minutes and returned a verdict
showing that the punishment was not to be probated.”).





[10]We also note that in
1998, the Tennessee Court of Criminal Appeals surveyed cases from other
jurisdictions, including Webber, before stating that “the majority of
cases permitting reassembly of the jury have done so where the jury remained in
the courtroom or even in the jury box itself, and hence in the presence and
control of the trial court, following verbal dismissal.”  State v. Green,
995 S.W.2d 591, 612 (Tenn. Crim. App. 1998).





[11]Furthermore, one may not
affirmatively ask for certain relief and later complain on appeal that such
action would result in error.  Prystash v. State, 3 S.W.3d 522, 531
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1102 (2000); Marin
v. State, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), overruled on other
grounds by Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).





[12]See Tex. Code
Crim. Proc. Ann. art. 36.27 (West 2006).





[13]See Tex. Code
Crim. Proc. Ann. art. 44.29(b) (West Supp. 2011); Carson v. State, 6
S.W.3d 536, 539 (Tex. Crim. App. 1999).





[14]See Beedy v. State,
250 S.W.3d 107, 113 (Tex. Crim. App. 2008).





[15]Morris v. State,
301 S.W.3d 281, 295–96 (Tex. Crim. App. 2009) (citations omitted).





[16]Tex. R. App. P. 43.3.





[17]See Morris, 301
S.W.3d at 295–96.





[18]See Tex. R. App.
P. 43.3. 





[19]See Morris, 301
S.W.3d at 295–96.