# DECEMBER 10, 1941

BENJAMIN ALLISON V. THE STATE.

No. 21781. Delivered December 10, 1941.

The opinion states the case.

*J. A. Veillon* and *D. F. Sanders*, of Beaumont, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of a statutory offense by a jury which returned into open court a verdict of guilt on June 9, 1941, which was read by the clerk in open court in the presence of the jury and which contained a recommendation that the sentence of five years assessed by them be suspended. Accordingly, the trial judge in open court announced this verdict; took the recognizance of the party on trial and discharged him. After this was done one of the jurors complained to the court that they did not recommend that a suspended sentence be given. An investigation of the record revealed that two verdicts had been signed, one recommending that the sentence be suspended and one that it be not suspended, each fixing a term of five years.

The jury having been discharged from further service, the court sent for them on the following day, called them into the court room, reassembled them as jurors and heard them declare that they had returned the verdict without a recommendation of a suspension of the sentence. The other verdict was then read and filed. In conformity with it, the court entered judgment assessing punishment at five years in the penitentiary

and passed sentence on appellant. A motion was filed to correct and amend the judgment so entered, giving to appellant the benefit of the suspended sentence in accordance with the verdict which was read on June 9. This motion was overruled.

The State's Attorney has filed a brief in this case confessing error and suggesting that judgment should have been entered in accordance with the verdict of the jury which was read on June 9, recommending a suspended sentence. The State's Attorney goes on the theory that when the jury was discharged it lost its identity as a jury so that the subsequent verdict of June 10 was a nullity. Reliance is had on Castro v. State, 42 S. W. (2d) 799; Hill v. State, 240 S. W. 552, and Perryman v. State, 278 S. W. 439. We agree with the conclusion reached by State's Attorney.

It is, therefore, ordered that this judgment be reversed and remanded with instruction to the trial court to enter judgment in accordance with the verdict of the jury rendered on June 9, 1941, assessing punishment at five years with a suspended sentence as recommended by the jury at that time.