## CLARENCE A. WEST V. STATE

No. 32,589.   December 7, 1960

*Billy H. Ragau,* Houson, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr.,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00 .

No statement of facts of the evidence adduced upon the trial accompanies the record.

One formal bill of exception appears in the record wherein appellant contends that the jury's verdict upon which the court rendered judgment against him as void because the verdict was changed by the jury after they had been dismissed by the court.

The bill certifies that the following events occurred when the jury returned its verdict into the court:

"The jury was assembled in a standing position in front of the jury box and the court inquired if they had arrived at a verdict. The jury foreman's answer was yes. The court instructed the foreman to deliver same to the clerk. The clerk then handed the court's charge and verdict sheet to the Honorable Judge, who received same. The judge then lifted the sheets of paper on which the charge was typed to the verdict sheet and read as follows: 'We, the jury, find the defendant guilty as charged and assess his punishment at a $50.00 fine and 3 days in jail, signed, Phillip E. Slaughter, foreman.' After the Judge polled the jury and after they all answered in the affirmative the Judge said, 'Alright, you are dismissed.' Whereupon the jury started to separate with some of them taking 2 or 3 steps from their position. At this moment the Judge discovered that in addition to the guilty verict as above set forth the verdict sheet contained the following: 'We, the jury, find the defendant not guilty,' signed, Phillip E. Slaughter, foreman.

"Whereupon, the Judge stopped the jurors and called to their attention that both written form verdicts were completed and signed by the foreman and instructed the jurors to return to the jury room to make any corrections or alternations to the verdict that they deemed proper.

"Counsel for Defendant timely objected to the court reassembling the jury after they had been dismissed and further objected to the court permitting the jury to return to the jury room to change the written verdict that had been received by the Court. The reason being that it was beyond the courts jurisdiction and control to reassemble a jury after the jury had been dismissed. That the jury lost its identity as a legally constituted jury once it is dismissed. The Judge overruled counsels objections and to which ruling of the Court the defendants counsel took objection.
"The jury then returned and delivered the verdict sheet to the Judge in open court with the verdict sheet reading as follows: 'We, the jury, find the defendant guilty as charged, and assess his punishment at a $50.00 fine and 3 days in jail,' signed Phillip E. Slaughter, Foreman, and in the other space immediately above

which contained the following words, 'We, the jury find the defendant not guilty' which originally had the signature of Phillip E. Slaughter, Foreman, written thereon; the name Phillip E. Slaughter, Foreman, was scratched through and deleted with red ink.

"The Court then accepted the corrected verdict over defendant's properly recorded objection and exception to the court's ruling and proceeded to sentence the defendant in accordance with the corrected verdict which found him guilty of driving while intoxicated. * * *"

The bill of exception clearly shows that the jury intended to return a verdict in the case finding the appellant guilty. The court, upon discovering that the verdict was informal, was authorized under the provisions of Article 696, V.A.C.C.P., to call its attention to it and direct that they retire for further deliberation. Caviness v. State, 150 Tex. Cr. Rep. 296, 200 S.W. 2d 1017.

The rule with reference to correcting a verdict is found stated in 1 Branch's Ann. P.C. 2nd Ed., par. 671, at pages 647 and 648.

From such statement of the rule, we quote the following:

"This court is not authorized to recall the jury after they have been discharged and have separated and have them correct their verdict. *(Citing cases.)*

"A momentary separation of the jury in the presence of the court will not preclude the court from recalling them to correct their verdict where it appears that no one talked to the jurors about the case. Boyett v. State, 26 App. 705, 9 S. W. 275; Somers v. State, 73 Crim. 549, 166 S. W. 1156; Layman v. State, 126 Crim. 533, 73 S. W. 2d 97."

The facts certified in the bill of exception show that prior to the court's action in the instant case the jury had only "started" to separate and such separation, if any, was momentary and in the presence of the court. It appears that no one had talked to them about the case. Under such facts, the court was authorized to direct the jury to retire for further deliberation in order to correct its verdict. Appellant's contention is overruled.

The judgment is affirmed.

320

Opinion approved by the Court.