**Effrum Girod WEBBER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68505.**

Court of Criminal Appeals of Texas, En Banc.

June 8, 1983.

Ronald N. Hayes, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft and Jesse Rodriguez, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of kidnapping; the punishment is imprisonment for 4 years.

The appellant asserts that the court erred in reconvening the jury to deliberate its verdict on punishment after it had been discharged, and the prosecutor introduced appellant's juvenile record in violation of Article 37.07 V.A.C.C.P.

The record shows that after the jury deliberated on punishment and returned to the court room, the Foreman handed the verdict to the bailiff at the court's request and the court read the verdict: "The jury has found the Defendant guilty of the offense of kidnapping and assesses punishment at four years confinement in the Texas Department of Corrections." and told the jurors they were excused. The defendant requested ten days for sentencing. The court granted the request and immediately added: "Now, the portion that you have filled out and signed here, it says, 'We, the jury, find the Defendant guilty of kidnapping and assess punishment at four years, and we further find he has never been convicted in this or any other state of a felony and recommend punishment to be probated.' Was that not your verdict?"

The Foreman said: "That was not our verdict."

The defense counsel asked for a mistrial stating that the jury had been discharged, and said: "I don't know why they stayed here. You had discharged the jury, according to the record, which is my understanding, which is reversible error."

The court then noted the Foreman had signed the blank on the form showing the punishment had been probated and polled the jury. Each juror said that was not the verdict. Over defense counsel's objection the court allowed the jury "to look at your verdict again to see if that is your verdict." The jury deliberated for two minutes and returned a verdict showing that the punishment was not to be probated.

While the appellant tries to distinguish *West v. State,* 170 Tex.Cr.R. 317, 340 S.W.2d 813 (Tex.Cr.App.1960), we find it is authority for overruling this ground of error. When the jury has not separated or have only momentarily separated and are still in the presence of the court and it appears that no one has talked to the jurors about the case, the court may recall the jurors to correct their verdict. *West v. State,* supra. The record does not show that the jury had separated, even though the court had told the jurors they were excused, and they had not been out of the presence of the court when they were reconvened to correct the verdict.

The appellant's claim that the State introduced his juvenile record is based on the prosecutor's cross-examination of the appellant at the punishment phase of the trial which follows:

"Q Have you ever been convicted of any misdemeanors?

"A Yes, sir.

"Q What?

"A Trespassing.

"Q What kind of trespassing was this?

"A It was on someone else's property.

"Q A home?

"A No, sir.

"Q A business?

"A No, sir.

DEFENSE COUNSEL: "I ask the Court to ask the District Attorney not to go on a fishing expedition.

THE COURT: "He may ask him some questions concerning it. I wonder if we ought to go into it out of the presence of the jury.

PROSECUTOR: "I will stop the questions at this point, Your Honor.

THE COURT: "All right.

"Q Any other misdemeanors you have been convicted of?

"A No, sir."

Defense counsel then called appellant's father as a witness, and after he had testified, recalled the appellant and established on direct examination that the appellant was thirteen years of age when he had "a little

problem with trespassing." The court admonished the jurors not to consider the juvenile offense.

 Defense counsel did not object when the prosecutor asked the question and when he did object it was that the "District Attorney not go on a fishing expedition." The defense then showed it was a juvenile offense and the court admonished the jury not to consider it. Reversible error is not shown.

The judgment is affirmed.

Opinion approved by the Court.

TEAGUE, Judge, dissenting.

Appellant's first ground of error concerns the receipt and acceptance of the jury verdict by the trial judge.

I first point out that this is not a case where the jury returned an improper verdict, and was thereafter instructed by the trial judge to retire in order to return a proper verdict. It is, however, a case where the trial judge committed error simply because he failed to adhere to the statutes which govern the receipt and acceptance of a jury verdict. E.g., *Hay v. State*, 472 S.W.2d 157 (Tex.Cr.App.1971).

Articles 37.04 and 37.10, V.A.C.C.P., govern how the verdict of the jury shall be returned and accepted by the trial judge. Those statutes, though clearly written, were not complied with in this cause.

Because I believe that it will be helpful to the reader to better understand appellant's complaint, I have attached to this opinion an appendix, which consists of the verdict form page and the court reporter's notes concerning what took place after the jury returned its verdict to the trial judge. The record reflects that as to the first verdict that was returned and accepted by the trial judge, the jury foreperson only signed his signature under the last and bottom verdict form. The final verdict referred to the first or top verdict form, with the foreperson scratching out his signature that was under the last or bottom verdict form, with such act being initialed.

The record also reflects that prior to the time the jury retired to deliberate, the trial judge specifically and expressly told the jury that "if you have any questions about [the verdict form], then ... You can always ask [me] for further information or by writing a written note." The jury never requested further information and did not communicate in writing with the trial judge.

During the prosecuting attorney's jury argument, the trial judge also told the jury: "If they [the jurors] recommend it [probation], then I must follow it."

The majority of this Court, using this Court's decision of *West v. State*, 340 S.W.2d 813 (Tex.Cr.App.1960), as authority, overrules appellant's ground of error. I agree that *West* stands for the proposition that "When the jury has not separated or have only momentarily separated and are still in the presence of the court and it appears that no one has talked to the jurors about the case," it is then permissible for the trial judge to order the jury to retire and return a proper verdict. However, that rule of law is not applicable to this case because this case does not concern a jury returning an improper verdict. The original verdict of the jury clearly stated that the jury assessed appellant's punishment at four years' confinement in the penitentiary, and also stated the following: "And we further find that he has never before been convicted in this or any other state of a felony, and recommend that said punishment be probated." The trial judge accepted this verdict of the jury, and then discharged the jury from further service.

I acknowledge that after the trial judge had received and accepted the jury verdict, he only read part of the verdict, failing to read the part about recommending probation. Unfortunately, the record never reflects why he did not at that time read the entire verdict.

The record also reflects that the trial judge, after he accepted the verdict and read part of it, later took it upon himself to question and poll the jury, at which time it was learned: "That was not our verdict."

Unfortunately, the record does not reflect what caused or motivated the trial judge to act as he did.

There is yet another reason why *West* is not applicable to this cause. The record in this cause clearly reflects that after the jury was discharged by the trial judge, they communicated with counsel for the appellant. Trial counsel for appellant stated into the record the following: "... because I notice reading at the bottom [of the verdict form], because that was probation and *they told me* they had not done probation."

[Emphasis Added]. As to when "they told me" is not reflected in the record, but the statement by counsel certainly indicates to me that they spoke to counsel after they had returned their verdict and after the trial judge read aloud part of the verdict.

I therefore recommend that the sentence be reformed to reflect that appellant's punishment was assessed by the jury at four years' confinement in the penitentiary, but probated for that period. To the majority's failure to accept my recommendation, I respectfully dissent.

## APPENDIX

We, the Jury, having found the Defendant, EFFRUM GIROD WEBBER , guilty of the felony offense of kidnapping and assess punishment at confinement in the Texas Department of Corrections for a period of _____ *4* _____ years.
( 2 - 10 )

And a fine of _____ *NONE* _____.

(not to exceed $ 5000.00 if any)

*Robert L. Hunt*
FOREPERSON

We, the Jury, having found the Defendant, EFFRUM GIROD WEBBER , guilty of the felony offense of kidnapping assess punishment at confinement in the Texas Department of Corrections for _____ years, and we
(2 - 10)
further find that he has never before been convicted in this or any other state of a felony, and recommend that said punishment be probated.

_____
FOREPERSON

We, the Jury, having found the Defendant, EFFRUM GIROD WEBBER , guilty of the felony offense of kidnapping and assess punishment at confinement in the Texas Department of

Corrections for _____ years, and a fine of

_____.

(not to exceed $ 5000.00 ___, if any)

And we further find that he has never before been convicted
in this or any other state of a felony, and recommend that
said punishment be probated.

District Clerk

OCT 2 2 1980

Time: 3:30 P.M.

FOREPERSON

Q.3

32

THE COURT: I will ask you now to go with your bailiff and begin your deliberations upon the verdict in this portion of the trial.

(Whereupon, the jury was taken to the jury room to begin deliberations.)

(Whereupon, the jury was seated in the jury box at 3:11 p.m.)

THE COURT: Have you arrived at a verdict in this cause?

THE FOREPERSON: Yes, we have.

THE COURT: Would you please give your verdict to the bailiff?

THE FOREPERSON: (Complies.)

THE COURT: The jury has found the Defendant guilty of the offense of kidnapping and assesses punishment at four years' confinement in the Texas Department of Corrections.

Anything else before I discharge this jury?

MR. ZARATE: No.

THE COURT: Thank you very much for your service in this case. You may be excused.

I appreciate it very much. I know each of you has made some sacrifice to yourself to be here, and you are the catalyst that puts this whole operation together. It would not get off the ground without you, and I appreciate it very much.

You may if you wish talk to either side concerning the matter, otherwise you don't have to. It's entirely up to you. Thank you very much.

You have ten days in which to accept sentence or you may waive the ten days and accept sentence at this time.

MR. ZARATE: Judge, can the Defendant remain on bond for the next ten days?

THE COURT: You want the ten days?

THE DEFENDANT: Yes.

THE COURT: I will set sentencing ten days from now. That will be November 3rd for sentencing.

Now, the portion that you

34

have filled out and signed here, it says, "We, the jury, find the Defendant guilty of kid- napping and assess punishment at four years, and we further find he has never been convicted in this or any other state of a felony and recommend punishment to be probated."

Was that not your verdict?

THE FOREPERSON: That was not our verdict.

MR. ZARATE: Your Honor, if the Court please, I ask to have a mistrial. The jury has been discharged, and once the jury's discharged... I ask for a mistrial in this case.

THE COURT: All right. It is in the record. It is overruled...