

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00338-CR

DAVID COOK                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

----------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## OPINION

----------

In one point, appellant David Cook appeals his sentence of six years' confinement for manslaughter.[1] We reverse the trial court's judgment on punishment only and remand for a new trial on punishment. *See* Tex. R. App. P. 43.2(d), 43.3(a).

----------

[1]*See* Tex. Penal Code Ann. § 19.04(a) (West 2011) ("A person commits an offense if he recklessly causes the death of an individual."). Appellant does not ask us to reverse his conviction but requests that we modify the trial court's sentence and judgment.

## Background Facts

A Denton County grand jury indicted appellant for manslaughter, which is a second-degree felony.[2] The parties filed various pretrial documents, including appellant's election for the jury to determine his punishment and his written request for the jury to place him on community supervision upon his conviction.

At trial, appellant pled not guilty. The jury convicted him and found that he had used his car as a deadly weapon. The jury heard several witnesses testify during the punishment phase, including appellant, who stated that he had not been convicted of any crime previously and asked the jury to recommend his placement on community supervision. The parties made closing arguments. During the State's argument, the prosecutor attempted to persuade the jury to give appellant a high sentence without recommending community supervision.

After the jury began deliberating, it sent a note to the court that asked, "Can we recommend a specific amount of time in prison and another amount of time on probation?" The trial court responded to the note by instructing the jury to refer to its charge and continue deliberating.[3] Eventually, the trial court

---

[2]*See* Tex. Penal Code Ann. § 19.04(b). Because appellant's point concerns only events occurring at the end of the trial court's proceedings, we will not detail the facts of appellant's crime or procedural matters that are unrelated to the disposition of this appeal. *See* Tex. R. App. P. 47.1. To summarize, one afternoon in April 2009, appellant recklessly drove his car at a high speed and collided with another car, killing the other car's driver, Kirk Wyborg.

[3]The charge explained that the jury could assess punishment at a range of two and twenty years' confinement. It then stated,

received the jury's verdict, which was signed by the presiding juror and which

originally read,

> We, the jury, having found the Defendant, DAVID COOK, guilty of the offense of Manslaughter, assess his punishment at confinement . . . for <u>6</u> years. . . .
>
> We further find the defendant has never been convicted of a felony in this State or any other State, and we recommend probation of the penitentiary time.[4]

The trial judge asked if that was the unanimous verdict of the jury, and the

presiding juror said, "It is." The judge then told the jury,

> You are now discharged from the instructions I gave you earlier. You are free to discuss the case if you want to, but you are under no obligation to discuss the case with anyone. Sometimes the attorneys want to talk to you after the fact just . . . to find out what your thoughts are and your impressions about the process are. You're free to do that if you want to, but you do not have to.
>
> You're now discharged. Thank you very much.

---

> Our statute provides that where a person is charged with a felony offense, the jury finds him guilty[,] and assesses his punishment . . . for any term of years not more than ten, and they further find that the defendant has never been convicted of a felony in this State or in any other State, they may in their discretion, recommend probation for the defendant . . . .
>
> Probation shall be granted by the Court if the jury recommends it in their verdict . . . .
>
> . . . .
>
> If you do not desire to grant probation to this defendant, you will say nothing in your verdict concerning the same.

[4]Jury recommended community supervision is available for a defendant who is convicted of manslaughter and is sentenced to ten years' confinement or less. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d) (West Supp. 2011).

3

The jury left the courtroom at 4:30 p.m. The trial court then sentenced appellant by stating,

> Mr. Cook, a jury having found . . . you guilty and set your punishment at . . . a six-year confinement, probated, I am going to now impose sentence as set by the jury. I'm sentencing you to six years['] confinement . . . . I will probate that for a period of six years. . . .
>
> You will be required to complete the maximum amount of community service . . . .
>
> . . . .
>
> . . . I'm sentencing you to 180 days['] confinement in the Denton County Jail as a condition of your probation. That sentence is to begin immediately.

After a brief recess, seven minutes after the jury left the courtroom, for reasons that the record does not expressly reflect, the trial judge brought the jury back into the courtroom and said,

> It has been brought to my attention that the jury had some question about perhaps the verdict or the verdict form.[5] I'm going to read -- well, I'm going to restate what I read here that you have assessed. You have assessed as punishment at six years['] confinement in the penitentiary. However, you recommended that that time be probated.
>
> That is the sentence that I have imposed, so I'm going to ask you individually if that, in fact, was the sentence that you intended and that you voted for?
>
> . . . .

_____

[5]It seems that the jury's communication with the trial court did not comply with the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 36.27 (West 2006) ("Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing . . . .").

4

All right.  As I read your name, I need you to either say yes or no, no meaning that was not the sentence you intended.

The judge then queried four jurors, who each responded, "No."  The judge said, "What I'm going to do at this point is to send you back to the juryroom to continue deliberating."  Appellant asked for a mistrial.  Without further discussion, the trial court denied the motion.  More than thirty minutes later, the jury returned to the courtroom and delivered a verdict assessing six years' confinement without recommending community supervision.  The court polled the jury, and each juror responded that the second verdict was their true verdict.  The trial court sentenced appellant accordingly, and he brought this appeal, claiming that the trial court erred by reconvening the jury after discharge at punishment and by accepting its new punishment verdict.

**The Propriety of the Trial Court's Decision to Reconvene the Jury**

A "verdict" is a written declaration by a jury of its decision of the issue submitted to it in the case.  Tex. Code Crim. Proc. Ann. art. 37.01 (West 2006).  Generally, when the jury agrees upon a verdict that is in proper form, it "shall be entered upon the minutes of the court."  *Id.* art. 37.04 (West 2006); *see Ex parte McIver*, 586 S.W.2d 851, 854 (Tex. Crim. App. [Panel Op.] 1979) ("Courts have no power to change a jury verdict unless it is with the jury's consent and before they have dispersed.").  On each verdict "of acquittal or conviction, the proper judgment shall be entered immediately."  Tex. Code Crim. Proc. Ann. art. 37.12

5

(West 2006); *see Garner v. State*, 214 S.W.3d 705, 706 (Tex. App.—Waco 2007, no pet.).

Almost thirty years ago, however, the court of criminal appeals affirmed a judgment that, as in this case, resulted from a jury's redeliberation after the jury had been discharged. *See Webber v. State*, 652 S.W.2d 781, 782 (Tex. Crim. App. 1983). In *Webber*, after the jury had deliberated on punishment and had delivered a verdict to the court, the trial judge stated, "The jury has found the Defendant guilty of the offense of kidnapping and assesses punishment at four years['] confinement in the Texas Department of Corrections." *Id.* at 782. The judge discharged the jurors, but before they left the courtroom, the judge said,

> "Now, the portion that you have filled out and signed here, it says, 'We, the jury, find the Defendant guilty of kidnapping and assess punishment at four years, and we further find he has never been convicted in this or any other state of a felony and recommend punishment to be probated.' Was that not your verdict?"

> The Foreman said: "That was not our verdict."

*Id.* Over the defendant's objection, the trial court polled the jury, and each juror agreed with the foreman that recommending probation was not intended to be part of their original verdict. *Id.* The trial court sent the jury back to deliberate again, and after two minutes, the jury returned a verdict that did not include the probation recommendation. *Id.* In analyzing the legal significance of these facts and affirming Webber's conviction and sentence, the court of criminal appeals stated,

6

When the jury has not separated or have only momentarily separated *and are still in the presence of the court and it appears that no one has talked to the jurors about the case*, the court may recall the jurors to correct their verdict. . . . The record does not show that the jury had separated, even though the court had told the jurors they were excused, and they had not been out of the presence of the court when they were reconvened to correct the verdict.[6]

*Id.* (emphasis added) (citing *West v. State*, 170 Tex. Crim. 317, 319, 340 S.W.2d 813, 815 (1960)).

In *West*, the trial court received a verdict that the foreman had signed twice, indicating that the jury had found the defendant guilty and had also found him not guilty. 170 Tex. Crim. at 318, 340 S.W.2d at 814. After the trial court read the portion of the verdict in which the jury found the defendant guilty and some jurors took two or three steps from their position, the trial court discovered the error in the verdict and instructed the jurors to return to the jury room to make any corrections that the jury deemed proper. *Id.* The defendant's counsel objected to the reassembling of the jury, but after the trial court overruled that objection, the jury returned and delivered a guilty verdict. *Id.* at 318, 340 S.W.2d at 814–15. The court of criminal appeals held that the trial court had acted properly, explaining, "A momentary separation of the jury in the presence of the court will not preclude the court from recalling them to correct their verdict where

---

[6]Appellant cites cases predating *Webber* that concern juries' correction of illegal, incomplete, or unenforceable verdicts. But as appellant concedes, the original verdict in *Webber* was not unenforceable; thus, we conclude that a trial court's authority to reconvene a discharged jury is not dependent only on the unenforceability of the original verdict.

it appears that no one talked to the jurors about the case." *Id.* at 319, 340 S.W.2d at 815; *see also Jones v. State*, 511 S.W.2d 514, 516 (Tex. Crim. App. 1974) (holding that a trial court properly required the jury to redeliberate when the court discovered a mistake in the verdict while the jury remained in the courtroom).

The circumstances described in *Webber* and *West* represent narrow exceptions to the principle that when a jury has been discharged, it loses its identity as a jury, and it therefore may not redeliberate and assess a different punishment. *See West*, 170 Tex. Crim. at 319, 340 S.W.2d at 815 (stating the general rule that a "court is not authorized to recall the jury after they have been discharged and have separated and have them correct their verdict"); *Allison v. State*, 143 Tex. Crim. 4, 6, 156 S.W.2d 527, 528 (1941) ("The State's Attorney goes on the theory that when the jury was discharged it lost its identity as a jury . . . . We agree with the conclusion reached by State's Attorney.").

But the facts in this case do not match those in *Webber* and *West*. In each of those cases, when the trial court ordered the jury to reconvene, the jurors were still within eyesight of the trial court so that the trial court knew, and the record affirmatively disclosed, where the jurors had been and who they had talked to. Here, the jurors separated from the visual presence of the trial court, were instructed that they were free to discuss the case with outsiders, and may have been susceptible to outside influence. The code of criminal procedure provides, "No person shall be permitted to be with a jury while it is deliberating. No person

8

shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." Tex. Code Crim. Proc. Ann. art. 36.22 (West 2006); *see also* Tex. R. App. P. 21.3(f) (stating that a defendant must be granted a new trial "when, after retiring to deliberate, the jury has received other evidence . . . [or] when a juror has talked with anyone about the case"). Unlike in *Webber* and in *West,* the record here does not affirmatively establish that the jurors remained in the trial court's visual presence and that no one influenced the jurors, so we hold that we cannot rely on those cases to support the trial court's decision to require the jury to redeliberate. *See Webber*, 652 S.W.2d at 782 ("When the jury has not separated or have only momentarily separated *and are still in the presence of the court and it appears that no one has talked to the jurors about the case*, the court may recall the jurors to correct their verdict.") (emphasis added);[7] *see also State v. Dudley*, 223 S.W.3d 717, 721–23 (Tex. App.—Tyler 2007, no pet.) (holding that the trial court did not err by refusing to change its sentence when days after the jury's verdict, the State filed affidavits from eleven jurors stating that the verdict they had rendered was not what they had intended); *Wood v. State*, 87 S.W.3d 735, 738–39 (Tex. App.—Texarkana 2002, no pet.) (holding that it would have been improper for the trial

---

[7]We note, however, that in *Webber*, jurors communicated with the defendant's counsel, albeit in the trial court's presence, after they were discharged. *Id.* at 784 (Teague, J., dissenting).

court to allow redeliberation on the issue of a defendant's guilt after the jury had been discharged and had separated overnight).

We acknowledge, as appellant has, that the "record does not affirmatively reflect that the jurors were subject to outside influences." Although appellant asserts that the jury members separated from each other, the record does not establish this fact, and it does not indicate where the jury went after exiting the courtroom or that they necessarily interacted with anyone other than each other or the trial court. We also agree with the State that the trial court was in a better position than we are to surmise where the jurors had been and who they might have come in contact with. Furthermore, we recognize that in other circumstances, it would be improper for us to infer that outside influence occurred from a silent record. *See* Tex. R. Evid. 606(b) (stating that a juror may testify about outside influence); *Ocon v. State*, 284 S.W.3d 880, 886 (Tex. Crim. App. 2009) (explaining that "the party alleging juror misconduct, not the State nor the court, should initiate juror questioning"); *Cleaver v. State*, 498 S.W.2d 945, 949 (Tex. Crim. App. 1973) ("Appellant labored under the burden of establishing jury misconduct as a fact.").[8] Finally, we note that the trial court's decision to allow the jury to redeliberate was an attempt to produce the verdict that the jury had

---

[8]We note, however, that when a juror had separated from other jurors for fifteen to thirty minutes during a suspension of a trial, the court of criminal appeals held that the "burden [was] upon the state then to show that nothing improper took place." *Somers v. State*, 73 Tex. Crim. 549, 550, 166 S.W. 1156, 1160 (1914).

10

originally intended.[9] But despite these concessions, the facts and holdings in *Webber* and *West* compel us to hold that the trial court's decision to reconvene the jury under the particular facts in this case was improper. *See Webber*, 652 S.W.2d at 782; *West*, 170 Tex. Crim. at 318, 340 S.W.2d at 815; *see also Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004) (op. on reh'g) (explaining that we are bound by the precedent of the court of criminal appeals and have no authority to disregard or overrule it), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007).[10]

Concluding that the trial court erred, we must now assess the issue of harm. Nonconstitutional error that does not affect substantial rights must be disregarded. Tex. R. App. P. 44.2(b). As a result of the trial court's error allowing the jury to redeliberate, the jury substantively changed its written verdict from one that recommended community supervision to one that did not. An error

---

[9]The four polled jurors' answers to the trial court's question indicate that in the seven minutes that they were discharged, they did not change their minds from one intended result to another. Instead, those jurors each affirmed that the originally announced verdict was not the verdict that they had intended or had voted for. Then, after redeliberating, all twelve jurors agreed that their second verdict was their true verdict. It apparently took the jury approximately thirty minutes to decide to change the written verdict upon redeliberation. *Cf. Webber*, 652 S.W.2d at 782 ("The jury deliberated for two minutes and returned a verdict showing that the punishment was not to be probated.").

[10]We also note that in 1998, the Tennessee Court of Criminal Appeals surveyed cases from other jurisdictions, including *Webber*, before stating that "the majority of cases permitting reassembly of the jury have done so where the jury remained in the courtroom or even in the jury box itself, and hence in the presence and control of the trial court, following verbal dismissal." *State v. Green*, 995 S.W.2d 591, 612 (Tenn. Crim. App. 1998).

11

affects the defendant's substantial rights when it has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)). Thus, applying rule 44.2(b) to the trial court's error in this case, we must conclude that appellant suffered harm. *See* Tex. R. App. P. 44.2(b).

For all of these reasons, we sustain appellant's only point.

## Proper Remedy and Conclusion

In discerning the proper remedy for the error and harm discussed above, we must first look to the error asserted at trial, here on punishment only. On appeal, appellant claims that the trial court erred in reconvening jurors seven minutes after it had discharged the jurors. Appellant never moved for judgment on the jury's first verdict. He now asks this appellate court to reform the judgment and enter the jury's first verdict that granted probation. At trial, appellant objected to reconvening the jury by seeking a mistrial. He sought no other relief and, if the court had granted a mistrial, the remedy would have been to grant a new trial on punishment.

Texas Rule of Appellate Procedure 21.1(b) authorizes the granting of a new trial on punishment on a defendant's motion. Tex. R. App. P. 21.1(b). And rule 21.3 states that a defendant must be granted a new trial on punishment when the trial court has "misdirected the jury about the law or has committed some other material error likely to injure the defendant's rights" or when a jury

12

received information by talking with someone about the case. Tex. R. App. P. 21.3(b), (f). "A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors." *Ocon*, 284 S.W.3d at 884. The necessity of a mistrial is determined by the facts of the case. *Id.* A court's denial of a mistrial is reviewed for an abuse of discretion. *Id.*; *see Marchbanks v. State*, 341 S.W.3d 559, 561 (Tex. App.—Fort Worth 2011, no pet.). We must view "the evidence in the light most favorable to the trial court's ruling, *considering only those arguments before the court at the time of the ruling.*" *Ocon*, 284 S.W.3d at 884 (emphasis added).[11] Based on the discrepancy between the relief sought by appellant at trial (mistrial) and the relief sought on appeal (judgment on the jury's first, unintended, verdict), we cannot

---

[11]Furthermore, one may not affirmatively ask for certain relief and later complain on appeal that such action would result in error. *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1102 (2000); *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).

impose a modified or reformed judgment. *See* Tex. R. App. P. 43.3(a). We therefore affirm appellant's conviction, reverse the trial court's judgment on punishment only, and remand for a new trial on punishment only.

                                        TERRIE LIVINGSTON
                                        CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT, J.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

DAUPHINOT, J., filed a dissenting opinion.

PUBLISH

DELIVERED:  February 9, 2012


DAVID COOK                                                                      APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## DISSENTING OPINION

----------

The jury returned a proper punishment verdict recommending community supervision and stated that the verdict was unanimous, and the trial court accepted the jury's punishment verdict and discharged the jury.

Contrary to the majority's claim that we cannot tell from the record whether anyone talked to the discharged jury, the trial court made clear that someone who was not a former juror in this case had improperly communicated with at least one former juror in this case. The trial court stated, "It has been brought to

my attention that the jury had some question about perhaps the verdict or the verdict form." Someone told the trial court that at least one former juror in this case had a question. If a former juror in this case told the trial court, then the trial court communicated with one of the members of the discharged jury. If someone else brought the trial court the message that at least one of the former jurors had a question, then that unknown person communicated with at least one member of the discharged jury. No note memorializing their communication appears in the record, nor was any such note read in open court in the presence of the lawyers and the defendant; the code of criminal procedure requires that such communication be memorialized in the record.[1]

The group of people who rendered the second punishment verdict after the improper communication was no longer under oath and no longer bound by the instructions governing jurors. Their second punishment verdict was but the act of a collection of individuals who had previously been members of the jury. Consequently, I agree with the majority that the second punishment verdict was unlawful. In fact, it was no verdict at all.

But I disagree with the majority's disposition of this case. Appellant does not ask this court to reverse this judgment; he asks only that it be modified. Specifically, he asks only for the punishment to which the trial court sentenced him after accepting the only proper punishment verdict returned by the lawfully

---

[1] *See* Tex. Code Crim. Proc. Ann. art. 36.27 (West 2006).

2

impaneled and sworn jury. He believes that it is the only lawful punishment. I agree.

Cases interpreting article 44.29 of the Texas Code of Criminal Procedure have held that retrial on punishment is appropriate only for errors "literally" occurring in the punishment stage.[2] This statute is analogous to the holding in *Beedy v. State* and its progeny that the remedy for an improper cumulation order is deletion of the order and not retrial on punishment.[3] Soon after it handed down *Beedy*, the Texas Court of Criminal Appeals explained in a similar case,

> In *Beedy*[,] . . . [w]e held that an unlawful cumulation order did not constitute reversible error under . . . art. 44.29 and that the proper remedy for the unlawful cumulation order was to reform the judgment to delete the cumulation order . . . .
>
> . . . [A]s in *Beedy*, the trial judge simply did not have the authority to enter the order he did. *Beedy* controls this case. The court of appeals appropriately deleted the unlawful portion and left the lawful portion of the order intact, notwithstanding the trial court's pronouncement of an alternative sentence.[4]

Further, rule 43.3 of the rules of appellate procedure provides, "When reversing a trial court's judgment, the court must render the judgment that the

---

[2]*See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2011); *Carson v. State*, 6 S.W.3d 536, 539 (Tex. Crim. App. 1999).

[3]*See Beedy v. State*, 250 S.W.3d 107, 113 (Tex. Crim. App. 2008).

[4]*Morris v. State,* 301 S.W.3d 281, 295–96 (Tex. Crim. App. 2009) (citations omitted).

trial court should have rendered, except when . . . a remand is necessary for further proceedings or the interests of justice require a remand for another trial."[5]

Here, no error was made during the punishment phase of the trial. The error was made *after* the punishment hearing and *after* the jury decided the punishment issue. The problem with remanding this case for a new trial on punishment is that the jury had finished its job of assessing Appellant's punishment before the trial court erred. The jurors determined guilt and determined punishment in a proper form. The trial court accepted the verdict and imposed the jury's punishment in open court. Appellant's sentence was probated, and he did not ask for a new trial. The trial had ended. Then the trial court erroneously changed the punishment from a probated sentence to a prison term. How many times must Appellant be placed in jeopardy in the same case? The majority would have him placed in jeopardy for a third time.

Rather than placing Appellant in jeopardy for the third time by remanding for a new punishment hearing when the original punishment hearing ended without reversible error,[6] I would modify the judgment to delete the unlawful sentence and to instead correct the judgment to reflect the sentence lawfully pronounced in open court before the jury was unlawfully recalled.[7] Because the

_____

[5]Tex. R. App. P. 43.3.

[6]*See Morris,* 301 S.W.3d at 295–96.

[7]*See* Tex. R. App. P. 43.3.

4

majority has chosen to place Appellant in jeopardy for a third time by remanding for a new trial on punishment, even though there was no reversible error in the lawful punishment phase of the trial,[8] I respectfully dissent.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: February 9, 2012

---

[8]*See Morris,* 301 S.W.3d at 295–96.