

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0344-12

**DAVID COOK, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S AND APPELLANT'S
### PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### DENTON COUNTY

**KELLER, P.J., filed a concurring opinion.**

The Court says that when defense counsel requested a mistrial, "[e]veryone understood that defense counsel was saying 'Stop this proceeding—whatever it is.'" I do not agree, and I think the Court is asking for trouble in equating the two. I would grant appellant the relief he seeks, but I would do so on a different basis.

First, the Court makes an unwarranted assumption when it says that everyone understood what defense counsel was saying. Appellant asked for a particular remedy—a mistrial. The Court assumes that the request for a mistrial clearly conveyed an implied objection: that calling the jury back and continuing the proceedings was improper. But appellant's request for a mistrial could have

had a different legal basis: that discharging the jury the first time caused the jurors to be exposed to outside influences before their final deliberations. This seems to be the more natural objection, given the remedy requested. At any rate, from this record, we cannot conclude that the trial court understood appellant's complaint to be that calling the jury back was improper.[1]

Second, the Court ascribes an incorrect meaning to the term "mistrial." The Court seems to believe that a mistrial merely stops the proceedings, rather than putting aside the proceedings that have been conducted.[2] But a mistrial renders nugatory what has gone before and nullifies all proceedings to that point.[3] The Court says that the trial court erred in overruling appellant's objection, but if the trial court had granted appellant's request, this Court would not be in a position to reinstate the original verdict because it would no longer exist.

There was plenty of opportunity for either side to avoid what happened in this case. The State could have polled the jury. Defense counsel could have asked for judgment on the jury's original verdict.

Ultimately, however, I think that the trial judge's obligation to render judgment on a facially complete and correct jury verdict, after the jury has been discharged and separated,[4] though perhaps

---

[1]  *See Keeter v. State*,175 S.W.3d 756, (Tex. Crim. App. 2005) (attorney's comments regarding witness recantation, urged in connection with an actual innocence claim on motion for new trial, did not preserve claim regarding suppression of exculpatory evidence that was never expressly articulated to the trial judge).

[2]  Court's opinion at 9 - 10, n. 12 ("The objection of 'I request a mistrial' seeks to stop the invalid proceedings, while the request for a 'new trial' seeks to put aside a completed trial and start over.")

[3]  *Rodriguez v. State*, 852 S.W.2d 516, 520 (Tex. Crim. App. 1993).

[4]  *See Webber v. State*, 652 S.W.2d 781, 782 (Tex. Crim. App. 1983) (jury can be recalled if it has not separated or has only momentarily separated); *West v. State*, 170 Tex. Crim. 317, 319,

subject to waiver, is not subject to forfeiture by inaction.[5]  Therefore, appellant's failure to lodge a

proper objection does not preclude him from obtaining relief on appeal.

I respectfully concur in the Court's judgment.

Filed: January 30, 2013
Publish

---

340 S.W.2d 813, 815 (jury cannot be recalled after it has been discharged and separated to correct its verdict unless it has only momentarily separated in the presence of the court).

[5]  *See Marin v. State*, 851 S.W.2d 275, 277-80 (Tex. Crim. App. 1993).