

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00121-CR

CHARLES JAMES GARRETT, JR.  APPELLANT

V.

THE STATE OF TEXAS  STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1410502R

----------

### MEMORANDUM OPINION[1]

----------

Charles James Garrett, Jr. raises five issues in this appeal from his convictions for engaging in organized criminal activity (EOCA) and murder. Because the voir dire complaints in his first three issues were not preserved, and because the arguments in his other issues have been considered and overruled by the court of criminal appeals, we affirm.

---

[1]*See* Tex. R. App. P. 47.4.

The evidence showed that appellant is a member of the Aryan Brotherhood of Texas (ABT) and that he and other members of the gang, including Nicholas Acree, participated in the murder of a rival gang member, Bryan Childers, while at a party. A jury convicted appellant of two different offenses as a result: EOCA in Count One and murder in Count Two. *See* Tex. Penal Code Ann. § 19.02(b) (West 2011), § 71.02(a)(1) (West Supp. 2016).

**Juror Challenges Not Preserved**

In appellant's first three issues, he complains that the trial court erroneously granted the State's challenges for cause to three separate members of the venire panel. Complaints about the erroneous exclusion of a prospective juror must be preserved by a contemporaneous trial objection. *See Ortiz v. State*, 93 S.W.3d 79, 88 (Tex. Crim. App. 2002), *cert. denied*, 538 U.S. 998 (2003); *Tucker v. State*, 183 S.W.3d 501, 512 (Tex. App.—Fort Worth 2005, no pet.). Because the record contains no objections to the granting of the State's challenges for cause, we overrule appellant's first three issues. *See* Tex. R. App. P. 33.1(a)(1).

**Multiple Convictions and Punishments In Same Prosecution Permissible**

Appellant argues in his fourth issue that convicting and punishing him for both murder and EOCA arising from his participation in that same murder violates principles of double jeopardy. *See* U.S. Const. amend. V; *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989); *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim.

App. 2006). The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused against a second prosecution for the same offense for which he has been previously acquitted or previously convicted and also protects an accused from being punished more than once for the same offense. *Littrell v. State*, 271 S.W.3d 273, 275 (Tex. Crim. App. 2008). In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended. *Id.* at 275–76. Sameness in this context is a matter of legislative intent. *Id.* at 276.

Here, the murder offense and EOCA offense are the "same" under the traditional *Blockburger* analysis. *See Garza v. State*, 213 S.W.3d 338, 351 (Tex. Crim. App. 2007) ("The first count of the indictment alleged the same theory of capital murder of the same victims on the same day and place, and by the same manner and means, as the capital murder alleged in the fourth count. The only additional element added to the fourth count was that the appellant committed that same capital murder 'as a member of a criminal street gang.' Thus, the two offenses are clearly the 'same' under any reading of *Blockburger*."); *see also Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932) ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there

3

are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). But the *Blockburger* test is not dispositive when the legislature clearly intended that a defendant be susceptible to multiple punishments in a particular context. *Garza*, 213 S.W.3d at 352 & n.44; *Ex parte Kopecky*, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992) (citing *Missouri v. Hunter*, 459 U.S. 359, 366, 368, 103 S. Ct. 673, 678–79 (1983)).

The court of criminal appeals has held that the Texas legislature clearly expressed its intent in penal code section 71.03(3) that "in the context of multiple *punishments* deriving from a single prosecution, . . . a defendant charged with [EOCA] may also be charged (at least in the same proceeding) with the underlying offense and punished for both." *Garza*, 213 S.W.3d at 352 (construing Tex. Penal Code Ann. § 71.03(3) (West 2011)). Appellant's brief characterizes the analysis in *Garza* as "wholly flawed" and invites us to overrule its holding. But this court is bound by the precedent of the court of criminal appeals and has no authority to overrule its holdings. *See Cook v. State*, 361 S.W.3d 235, 241–42 (Tex. App.—Fort Worth 2012), *aff'd as modified on other grounds*, 390 S.W.3d 363 (Tex. Crim. App. 2013); *Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd). Therefore, even if we were to find appellant's argument persuasive, we would be compelled to overrule appellant's fourth issue.

**Parties Instruction Did Not Lessen Burden of Proof on EOCA Offense**

In his fifth issue, appellant contends that the trial court erred by including an instruction on the law of parties in the part of the jury charge applicable to the EOCA offense. We understand appellant's complaint to be that the wording of the charge lessened the State's burden of proof so that the jury could have found that appellant participated with only one other person—the primary actor Nicholas Acree—as part of a "criminal street gang" rather than three or more persons. *See* Tex. Penal Code Ann. § 71.01(d) (West 2011) (defining "criminal street gang" as "three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities"). In other words, appellant contends that adding the law of parties instruction to the charge negated the State's burden to prove that appellant's participation in the murder was intended to be as part of a criminal street gang because the jury could have found that only appellant and Acree were participants in the murder. Appellant objected to the inclusion of the law of parties instruction at trial.

The EOCA statute provides that "[a] person commits an offense if, with the intent to . . . participate in a combination or in the profits of a combination or as a member of a criminal street gang, the person commits or conspires to commit[, among other offenses,] . . . murder." *Id.* § 71.02(a)(1). Thus, for the State to obtain a conviction for EOCA in this case with murder as the underlying offense, it had to prove that appellant either committed, or conspired to commit,

5

murder and that in doing so, he intended to participate as a member of a criminal street gang. *Id.* §§ 19.02(b), 71.02(a)(1); *see Curiel v. State*, 243 S.W.3d 10, 14–15 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Committing an underlying offense and conspiring to commit an underlying offense are different manners and means of committing EOCA. *See Barrera v. State*, 321 S.W.3d 137, 154–55 (Tex. App.—San Antonio 2010, pet. ref'd).

The offense of murder can be shown in several ways:

> (b) A person commits an offense if he:
>
> (1) intentionally or knowingly causes the death of an individual;
>
> (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or
>
> (3) commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

*Id.* § 19.02(b). Under the law of parties,

> [a] person is criminally responsible for an offense committed by the conduct of another if:
>
> (1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense;
>
> (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or

6

> (3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense.

*Id.* § 7.02(a) (West 2011).

The court of criminal appeals has held on more than one occasion that the State can charge and prove that a person committed an underlying EOCA offense under a parties theory of liability. *See Otto v. State*, 95 S.W.3d 282, 284–85 (Tex. Crim. App. 2003); *McIntosh v. State*, 52 S.W.3d 196, 199–201 (Tex. Crim. App. 2001). Thus, the State is not limited to charging and proving that a defendant either (a) committed the underlying offense as the primary actor only or (b) conspired to commit the underlying offense. *See also In re L.A.S.*, 135 S.W.3d 909, 919 (Tex. App.—Fort Worth 2004, no pet.) (holding that in EOCA prosecution for committing assault with the intent to participate as a member of a criminal street gang, State had to prove that "M.K.L. was a criminal street gang, that L.A.S. was a member of M.K.L., and that he committed the overt act of assault by hitting J.A. with his hand or that he encouraged, solicited, directed, aided, or attempt to aid another in the commission of the assault"). Here, the applicable parts of the charge show that the State tried appellant on the theory that he committed the underlying offense as a party, not that he conspired to commit the underlying offense:

> A person commits the offense of engaging in organized criminal activity if, as a member of a criminal street gang, the person commits the offense of murder.

> A person commits the offense of murder if he:

7

(1) intentionally or knowingly causes the death of an individual; OR

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

. . . .

"Criminal street gang" means three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities.

. . . .

"Another" means a person other than the actor.

"Actor" means a person whose criminal responsibility is in issue in a criminal action.

. . . .

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

Each party to an offense may be charged with commission of the offense.

A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense he encourages, directs, aids, or attempts to aid the other person to commit the offense.

Mere presence alone will not constitute one a party to an offense.

. . . .

Now, if you find from the evidence beyond a reasonable doubt that the Defendant, Charles James Garrett, Jr., in Tarrant County, Texas, on or about the 17th day of April 2014, with the intent to participate as a member of a criminal street gang, commit[ted] murder by Nicholas Acree intentionally or knowingly causing the death of an individual, Bryan Childers, by stabbing him with a deadly weapon, to-wit: a knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury and that the Defendant, Charles James Garrett, Jr., acting with intent to promote or assist the commission of the offense of murder did encourage, direct, aid, or attempt to aid Nicholas Acree to commit the offense; OR

If you find from the evidence beyond a reasonable doubt that the Defendant, Charles James Garrett, Jr., in Tarrant County, Texas, on or about the 17th day of April 2014, did then and there, with the intent to participate as a member of a criminal street gang, commit murder by Nicholas Acree intentionally, with the intent to cause serious bodily injury to Bryan Childers, commit an act clearly dangerous to human life, namely, stabbing him with a deadly weapon, to-wit: a knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury, which caused the death of Bryan Childers, and that the Defendant, Charles James Garrett, Jr., acting with intent to promote or assist the commission of the offense of murder did encourage, direct, aid, or attempt to aid Nicholas Acree to commit the offense, then you will find the Defendant guilty of the offense of engaging in organized criminal activity, as charged in Count One of the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will acquit the Defendant and say by your verdict "Not Guilty" as to Count One of the indictment.

We understand appellant's argument to be that under the EOCA statute, the State was required to prove that three or more persons—not just Acree and appellant—committed the underlying offense of murder and that by including the law of parties in the charge, the trial court allowed the jury to convict based on only Acree's and appellant's participation in the murder. But even one person

9

acting alone in the commission of an underlying offense can be convicted of EOCA if that person acted with the requisite intent to "establish, maintain, or participate . . . as a member of a criminal street gang." *See* Tex. Penal Code Ann. § 71.02; *Curiel*, 243 S.W.3d at 15.

Here, the evidence showed that ABT is a group of three or more persons with identifiable leadership and that its members participate in "the drug trafficking of illegal narcotics, aggravated assaults, kidnappings, murders, auto thefts, [and] burglaries." Appellant had typical ABT tattoos on his body and is known to both state and federal law enforcement as a member and officer of the gang. The evidence also showed that appellant, "acting with intent to promote or assist" Acree in murdering Childers, "direct[ed], aid[ed], or attempt[ed] to aid" Acree in murdering Childers, "ABT style." Accordingly, we conclude and hold that the trial court did not err by including the law of parties in the EOCA part of the jury charge. *See Otto*, 93 S.W.3d at 284–85; *McIntosh*, 52 S.W.3d at 199–201; *L.A.S.*, 135 S.W.3d at 919; *see also Curiel*, 243 S.W.3d at 15 (holding that (a) acting with the intent to establish, maintain, or participate as part of a criminal street gang, (b) acting with the intent to establish, maintain, or participate as part of a combination, and (c) acting with the intent to establish, maintain, or participate in the profits of a combination constitute alternative ways of committing EOCA). We overrule appellant's fifth issue.

Because we have overruled all five of appellant's issues, we affirm the trial court's judgment.

PER CURIAM

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 3, 2017